IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

CIVIL ACTION NO.: 5:20-cv-00004-D

RICHARD L. JOHNSON, )
)
  Plaintiff, )
)   **DEFENDANT GERALD BAKER,**
vs. )   **SHERIFF OF WAKE COUNTY'S**
)   **ANSWER TO PLAINTIFF'S FIRST**
GERALD BAKER, SHERIFF OF WAKE )   **AMENDED COMPLAINT AND**
COUNTY, in his official capacity, )   **AFFIRMATIVE DEFENSES**
)
  Defendant. )

**NOW COMES** Defendant Gerald Baker, Sheriff of Wake County ("Baker" or "Defendant"), by and through his undersigned counsel, and answers Plaintiff's First Amended Complaint ("Amended Complaint") as follows:

## FIRST DEFENSE

Defendant responds to the individually enumerated allegations contained in Plaintiff's Amended Complaint as follows:

## INTRODUCTION

1. The allegations contained in the third and fourth sentences of Paragraph 1 of Plaintiff's Amended Complaint constitute conclusions of law to which no response is required. To the extent a response is required to these sentences, it is admitted that Plaintiff alleges retaliation and seeks to recover for alleged violations of the law. It is expressly denied that Plaintiff engaged in protected activity or that Defendant retaliated against Plaintiff for any purported protected activity. It is further expressly denied that Defendant violated any laws and/or that Plaintiff is entitled to any damages. The allegations contained in sentences one and two of

Paragraph 1 of Plaintiff's Amended Complaint are denied. Except as expressly admitted herein, the allegations in Paragraph 1 of the Amended Complaint are denied.

**PARTIES**

2. The allegations contained in Paragraph 2 of Plaintiff's Amended Complaint are admitted, upon information and belief,.

3. The allegations contained in Paragraph 3 of Plaintiff's Amended Complaint are admitted.

**JURISDICTION AND VENUE**

4. The allegations contained in Paragraph 4 of Plaintiff's Amended Complaint constitute jurisdictional statements and conclusions of law to which no response is required. It is denied that Plaintiff states any cognizable claim under Title VII. Except as expressly admitted herein, the allegations in Paragraph 4 of the Amended Complaint are denied.

5. The allegations contained in Paragraph 5 of Plaintiff's Amended Complaint constitute jurisdictional statements and conclusions of law to which no response is required. It is denied that Plaintiff states any cognizable claim under Title VII. It is further denied that Defendant engaged in any unlawful employment practices or that Plaintiff would have remained employed by the Wake County Sheriff's Office as alleged. Except as expressly admitted herein, the allegations in Paragraph 5 of the Amended Complaint are denied.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

6. It is admitted that Plaintiff filed a Charge of Discrimination on or about February 5, 2019, and further admitted that a Dismissal and Notice of Rights was issued on or about October 10, 2019 which stated in relevant part that "[b]ased upon its investigation, the EEOC is unable to

conclude that the information obtained establishes violations of the statutes." Except as expressly admitted herein, the allegations in Paragraph 6 of the Amended Complaint are denied.

## FACTUAL ALLEGATIONS

7.     It is admitted, upon information and belief, that Plaintiff has worked in law enforcement in various positions, with various departments, including the Wake County Sheriff's Office ("WCSO"), at various times.  Defendant is without knowledge to form a belief, as to the reason for Plaintiff's departure from the WCSO in or about 2000. It is denied that Plaintiff was consistently promoted, and it is further denied that Plaintiff consistently received high performance reviews or commendations.  It is admitted, upon information and belief, that Plaintiff held the rank of Lieutenant in 2000.  Except as expressly admitted herein, the allegations in Paragraph 7 of the Amended Complaint are denied.

8.     It is admitted, upon information and belief, that Plaintiff returned to work at the WCSO in 2003.  It is further admitted that Plaintiff was promoted, and that Plaintiff held the position of Chief of Operations and was a part of Sheriff Donnie Harrison's senior staff, reporting directly to Sheriff Harrison.  Except as expressly admitted herein, the allegations contained in Paragraph 8 of the Amended Complaint are denied.

9.     It is admitted that Plaintiff held the position of Chief of Operations and was a part of Sheriff Donnie Harrison's senior staff, reporting directly to Sheriff Harrison.  It is denied that Plaintiff performed his work in an exemplary manner or that Plaintiff only received high performance reviews during his work at the WCSO.  Except as expressly admitted herein, the allegations contained in Paragraph 9 of the Amended Complaint are denied.

10.     It is admitted that Sheriff Baker worked as a deputy sheriff with the WCSO from May 11, 1990 until his voluntary retirement in 2017.  It is further admitted that Baker ran for the

3

position of Wake County Sheriff and won the election in November 2018. Except as expressly admitted herein, the allegations contained in Paragraph 10 of the Amended Complaint are denied.

11. The allegations contained in Paragraph 11 of Plaintiff's Amended Complaint are admitted.

12. It is admitted that Sheriff Baker did not invite Johnson to be re-sworn. It is further admitted that this decision was communicated to Plaintiff. It is admitted that Plaintiff submitted his application for retirement. Except as expressly admitted herein, the allegations contained in Paragraph 12 of the Amended Complaint are denied.

13. It is admitted that Teddy Patrick ("Patrick") began his employment with WCSO in January 2000. It is further admitted that Patrick currently holds the title of Major. Except as expressly admitted herein, the allegations contained in Paragraph 13 of the Amended Complaint are denied.

14. It is admitted that Patrick held the rank of Lieutenant in 2017. It is further admitted that Patrick was a general instructor and a specialized trainer for hazmat and was occasionally assigned other training assignments as needed. Except as expressly admitted herein, the allegations contained in Paragraph 14 of the Amended Complaint are denied.

15. The allegations contained in Paragraph 15 of Plaintiff's Amended Complaint are admitted, upon information and belief,.

16. It is admitted, upon information and belief, that Patrick was accused of having made inappropriate statements during this training session. Sheriff Baker was not personally in attendance at this training session, and therefore is without knowledge as to the exact statements made by Patrick or the context of such statements, except to the extent that statements purportedly made by Patrick have been summarized or paraphrased in personnel documents in

the possession of the WCSO. Except as expressly admitted herein, the allegations contained in Paragraph 16 of the Amended Complaint are denied.

17. It is admitted, upon information and belief, that Patrick was accused of having made inappropriate statements during this training session. Sheriff Baker was not personally in attendance at this training session, and therefore is without knowledge as to the exact statements made by Patrick or the context of such statements, except to the extent that statements purportedly made by Patrick have been summarized or paraphrased in personnel documents in the possession of the WCSO. Except as expressly admitted herein, the allegations contained in Paragraph 17 of the Amended Complaint are denied.

18. It is admitted, upon information and belief, that Patrick was accused of having made inappropriate statements during this training session. It is further admitted, upon information and belief, that other employees expressed that they were uncomfortable as a result of some comments made by Patrick. Defendant is without knowledge regarding the allegations contained in Paragraph 18 of the Amended Complaint except to the extent that the personal feelings of individual employees are recorded in personnel documents in the possession of the WCSO. Except as expressly admitted herein, the allegations contained in Paragraph 18 of the Amended Complaint are denied.

19. It is admitted, upon information and belief, and based upon personnel records in the possession of the WCSO, that several employees were asked to provide statements regarding this training session. Except as expressly admitted herein, the allegations in Paragraph 19 of the Amended Complaint are denied.

20. It is admitted, upon information and belief, and based upon personnel records in the possession of the WCSO, that several employees were asked to provide statements regarding this

5

training session, and that an internal affairs investigation was conducted. Except as expressly admitted herein, the allegations in Paragraph 20 of the Amended Complaint are denied.

21. The allegations contained in Paragraph 21 of Plaintiff's Amended Complaint constitute a legal conclusion to which no response is required. To the extent a response is required, it is denied, based upon information and belief, that Plaintiff engaged in any protected conduct. Except as expressly admitted herein, the allegations contained in Paragraph 21 of the Amended Complaint are denied.

22. Defendant is without knowledge regarding the allegations contained in Paragraph 22 of the Amended Complaint except to the extent that the allegations are recorded in personnel documents in the possession of the WCSO. It is denied, based, upon information and belief, that Plaintiff engaged in any protected conduct… Except as expressly admitted herein, the allegations contained in Paragraph 22 of the Amended Complaint are denied.

23. Defendant is without knowledge regarding the allegations contained in Paragraph 23 of the Amended Complaint except to the extent that the allegations are recorded in personnel documents in the possession of the WCSO. It is denied, based, upon information and belief, that Plaintiff engaged in any protected conduct. It is admitted, upon information and belief, that Patrick was demoted. Except as expressly admitted herein, the allegations contained in Paragraph 23 of the Amended Complaint are denied.

24. Defendant is without knowledge regarding the allegations contained in Paragraph 24 of the Amended Complaint except to the extent that the allegations are recorded in personnel documents in the possession of the WCSO. It is admitted, upon information and belief, that Plaintiff was present when Patrick was advised of this disciplinary action. It is denied, based, upon

6

information and belief, that Plaintiff engaged in any protected conduct. Except as expressly admitted herein, the allegations contained in Paragraph 24 of the Amended Complaint are denied.

25. Defendant is without knowledge regarding the allegations contained in Paragraph 25 of the Amended Complaint except to the extent that the allegations are recorded in personnel documents in the possession of the WCSO. It is admitted that Patrick filed an EEOC charge and that WCSO responded to the Charge. It is denied, based, upon information and belief, that Plaintiff engaged in any protected conduct. It is admitted that Patrick received a Dismissal and Notice of Rights from the EEOC. Except as expressly admitted herein, the allegations contained in Paragraph 25 of the Amended Complaint are denied.

26. The allegations contained in Paragraph 26 of Plaintiff's Amended Complaint are denied.

27. It is admitted that at one point prior to Sheriff Baker's retirement in 2017, Patrick was Sheriff Baker's supervisor. It is further admitted that Sheriff Baker, Patrick and other employees of the WCSO frequently ate lunch together. It is admitted that Sheriff Baker is a long-time member of a masonic lodge, and it is further admitted, upon information and belief, that at some point Patrick joined this lodge, as have many other deputies at the WCSO. Except as expressly admitted herein, the allegations contained in Paragraph 27 of the Amended Complaint are denied.

28. It is admitted that Sheriff Baker, Patrick and various multiple other WCSO deputies have taken approximately 3 trips together to the Dominican Republic. All other allegations contained in Paragraph 28 of Plaintiff's Amended Complaint are expressly denied.

29. The allegations contained in Paragraph 29 of Plaintiff's Amended Complaint are denied.

30.     It is admitted that Sheriff Baker named Patrick to his transition team after his successful election.  It is further admitted that there were additional persons on the transition team in addition to Patrick. All other allegations contained in Paragraph 30 of Plaintiff's Amended Complaint are expressly denied.

31.     It is admitted that Patrick was promoted by Sheriff Baker and that Patrick currently holds the title of Major.   Except as expressly admitted herein, the allegations contained in Paragraph 31 of the Amended Complaint are denied.

32.     The allegations contained in Paragraph 32 of Plaintiff's Amended Complaint are denied.

33.     It is admitted that Karen Wallace ("Wallace") was a member of Sheriff Baker's transition team.  The remaining allegations contained in Paragraph 33 of Plaintiff's Amended Complaint are denied as stated.  It is expressly denied that there was any discussion of or about Plaintiff or the reason Plaintiff would not be offered to be re-sworn by Sheriff Baker between Harrison and Wallace.

34.     The allegations contained in Paragraph 34 of Plaintiff's Amended Complaint are denied, upon information and belief,.

35.     Defendant is without information sufficient to form a belief, as to the truth or falsity of the allegations contained in Paragraph 35 of Plaintiff's Amended Complaint, and therefore these allegations are denied.

36.     It is admitted that the Deputies referred to in Plaintiff's Amended Complaint as A.S. and S.W. were terminated.  Except as expressly admitted herein, the allegations contained in Paragraph 36 of the Amended Complaint are denied.  It is expressly denied that the termination

8

of either A.S. or S.W. were related to or influenced by any concerns purportedly raised by either deputy regarding Patrick's conduct.

37. The allegations contained in Paragraph 37 of Plaintiff's Amended Complaint are denied as stated. It is admitted that Chief Larry Wood offered to assist in the transition for Sheriff Baker and was allowed to do so until his retirement. It is admitted that Plaintiff completed his application for retirement and had an effective retirement date of January 1, 2019. It is further admitted that there are only three members of former Sheriff Harrison's ten (10) person senior management team who remain employed by the WCSO in any capacity. Except as expressly admitted herein, the allegations contained in Paragraph 37 of the Amended Complaint are denied.

## FIRST CLAIM FOR RELIEF

Title VII - - Retaliation

38. Defendant realleges and incorporates herein by reference, his answers to Paragraphs 1 – 37 of Plaintiff's Amended Complaint as though fully set forth herein.

39. The allegations contained in Paragraph 39 of Plaintiff's Amended Complaint are conclusions of law to which no response is required. To the extent a response is required, the allegations contained in Paragraph 39 of the Amended Complaint are denied.

40. The allegations contained in Paragraph 40 of Plaintiff's Amended Complaint are conclusions of law to which no response is required. To the extent a response is required, the allegations contained in Paragraph 40 of the Amended Complaint are denied.

41. The allegations contained in Paragraph 41 of Plaintiff's Amended Complaint are denied.

42. The allegations contained in Paragraph 42 of Plaintiff's Amended Complaint are denied.

9

43.     The allegations contained in Paragraph 43 of Plaintiff's Amended Complaint are denied.

**EACH AND EVERY ALLEGATION CONTAINED IN PLAINTIFF'S AMENDED COMPLAINT, INCLUDING THE PRAYER FOR RELIEF, NOT SPECIFICALLY ADMITTED HEREIN, IS DENIED.**

## SECOND DEFENSE

Defendant has not deprived Plaintiff of any rights protected by Title VII.

## THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, because any actions taken with respect to Plaintiff were based upon legitimate, non-discriminatory, non-retaliatory reasons unrelated to any purported protected activity. Similarly, Plaintiff's purported protected activity was not a motivating, determining or substantial factor in the decision to not select Plaintiff for employment with Defendant.

## FOURTH DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff has failed to exhaust administrative remedies and/or to comply with the statutory pre-requisites to bringing this action and, as a result, this Court lacks subject matter jurisdiction over Plaintiff's Title VII claim against Defendant.

## FIFTH DEFENSE

Plaintiff's claim under Title VII alleged is barred to the extent that Plaintiff seeks to recover for events or circumstances which were outside the scope and/or not the subject of his EEOC Charge.

10

## SIXTH DEFENSE

Plaintiff fails to state a claim upon which relief can be granted as to all or part of the allegations in Plaintiff's Complaint.

## SEVENTH DEFENSE

Plaintiff has not suffered any legally cognizable injury or damage

## EIGHTH DEFENSE

Defendant's actions were required by business necessity and were based on factors other than any protected activities of Plaintiff.

## NINTH DEFENSE

Alternatively, any injuries or damages allegedly suffered by Plaintiff, which are denied, were the direct and proximate result of Plaintiff's own conduct. As a result, the employment action of which Plaintiff complains occurred solely as a result of his own actions.

## TENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent that the doctrines of unclean hands, equitable estoppel, waiver, ratification and/or laches are applicable to the facts alleged.

## ELEVENTH DEFENSE

The actions referenced in Plaintiff's Amended Complaint were valid, lawful, well supported by the evidence and sufficient to warrant any actions taken by Defendant.

## TWELFTH DEFENSE

In the alternative, Plaintiff's claim against Defendant and/or claims for damages against Defendant are barred, in whole or in part, by the doctrine of after-acquired evidence.

11

## THIRTEENTH DEFENSE

In the alternative, even if Plaintiff was subjected to unlawful conduct based on protected activity, which is expressly denied, Defendant exercised reasonable care to prevent and correct the actions which support Plaintiff's claim, and Plaintiff unreasonably failed to take advantage of Defendant's preventative or corrective opportunities to otherwise avoid harm. Thus, any damages that Plaintiff suffered were the direct and proximate result of his own actions or inactions.

## FOURTEENTH DEFENSE

In the alternative, Defendant pleads,, upon information and belief, that Plaintiff failed to exercise reasonable diligence and ordinary care to minimize his damages, and Defendant therefore pleads the doctrine of avoidable consequences and the defense of failure to mitigate damages, in whole or in part, Plaintiff's claim against Defendant.

## FIFTEENTH DEFENSE

To the extent Plaintiff seeks punitive damages, any claim for punitive damages by Plaintiff is in violation of the Constitution of North Carolina and the United States in that it seeks to deprive Defendant of property without due process of law, in that it violates the Constitutions' provisions concerning equal protection and in that it violates the Constitutions' prohibition of the imposition of excessive fines.

## SIXTEENTH DEFENSE

To the extent Plaintiff seeks punitive damages, any claims for punitive damages by Plaintiff are barred in whole or in part by the limitations on punitive damages set out in N.C. Gen. Stat. § 1D-1, *et seq.*

12

## SEVENTEENTH DEFENSE

To the extent Plaintiff seeks punitive damages, Plaintiff's claim for punitive damages against Defendant fails to state a claim upon which relief may be granted because punitive damages are not available against a governmental defendant.

## EIGHTEENTH DEFENSE

Defendant pleads lack of subject-matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure in complete defense of this action.

## NINETEENTH DEFENSE

Plaintiff's claims are barred because Defendant did not subject Plaintiff to any form of unlawful or improper discrimination or retaliation.

## TWENTIETH DEFENSE

Plaintiff cannot establish that "but for" engaging in any alleged protected activity, he would not have suffered the adverse action about which he complains.

## TWENTY-FIRST DEFENSE

Defendant pleads any and all applicable immunities, including governmental, official or otherwise in defense of Plaintiff's claims.

## TWENTY-SECOND DEFENSE

Plaintiff's claims are barred against this Defendant to the extent that Plaintiff was not an employee as defined by Title VII.

## ADDITIONAL DEFENSES

Defendant reserves the right to amend his Answer, to assert additional affirmative defenses and/or to bring in third parties as Plaintiff's claims are more fully disclosed during the course of this litigation.

13

# PRAYER FOR RELIEF

WHEREFORE, having answered each and every allegation contained in Plaintiff's Amended Complaint, Defendant makes the following prayer for relief:

1.    That Plaintiff have and recover nothing by way of his Complaint.

2.    That the costs of this matter be taxed to Plaintiff, including attorneys' fees;

3.    For a trial by jury of all issues of fact so triable; and

4.    For such other and further relief as the Court may deem just and proper.

Respectfully submitted, this the 24th day of June, 2020.

JACKSON LEWIS P.C.

BY:    */s/  M. Robin Davis*
M. ROBIN DAVIS
N. C. State Bar No. 21655
JASON V. FEDERMACK
N. C. State Bar No. 46014
JANEAN B. DUNN
N. C. State Bar No. 50071
*Attorneys for Defendants*
3737 Glenwood Avenue, Suite 450
Raleigh, NC 27612
Telephone:  (919) 760-6460
Facsimile:    (919) 760-6461
Email: Robin.Davis@jacksonlewis.com
Email: Jason.Federmack@jacksonlewis.com
Email: Janean.Dunn@jacksonlewis.com

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

CIVIL ACTION NO.: 5:20-cv-00004-D

RICHARD L. JOHNSON,                    )
                                       )
                Plaintiff,             )
                                       )
vs.                                    )        **CERTIFICATE OF SERVICE**
                                       )
GERALD BAKER, SHERIFF OF WAKE          )
COUNTY, in his official capacity,      )
                                       )
                Defendant.             )

The undersigned certifies that on June 24, 2020, the foregoing *Defendant Gerald Baker, Sheriff*

*of Wake County's Answer to Plaintiff's First Amended Complaint and Affirmative Defenses* was electronically

filed with the Clerk of the Court, using the Court's CM/ECF electronic service system, which will

send notification of such filing as follows:

Richard T. Gammon
Joseph E. Zeszotarski, Jr.
Gammon, Howard & Zeszotarski, PLLC
Post Office Box 1127
Raleigh, NC 27602
rgammon@ghz-law.com
jzeszotarski@ghz-law.com
*Attorney for Plaintiff*

15

JACKSON LEWIS P.C.

BY:    */s/  M. Robin Davis*
       M. ROBIN DAVIS
       N. C. State Bar No. 21655
       JASON V. FEDERMACK
       N. C. State Bar No. 46014
       JANEAN B. DUNN
       N. C. State Bar No. 50071
       *Attorneys for Defendants*
       3737 Glenwood Avenue, Suite 450
       Raleigh, NC 27612
       Telephone:  (919) 760-6460
       Facsimile:    (919) 760-6461
       Email: Robin.Davis@jacksonlewis.com
       Email: Jason.Federmack@jacksonlewis.com
       Email: Janean.Dunn@jacksonlewis.com

4819-5811-3217, v. 1

16