IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO.: 5:20-CV-4-D

| | |
|---|---|
| RICHARD L. JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) **STIPULATED CONSENT** |
| | ) **PROTECTIVE ORDER** |
| GERALD BAKER, SHERIFF OF | ) |
| WAKE COUNTY, et al., | ) |
| | ) |
| Defendants. | ) |

The Parties have jointly moved the Court pursuant to Local Rule 7.1, Rule 26(c) of the Federal Rules of Civil Procedure and the Case Management Order [DE # 27], for entry of a Consent Protective Order to expedite the flow of discovery materials; facilitate the prompt resolution of discovery disputes, as well as disputes concerning confidentiality; protect certain materials designated as confidential ("Confidential Materials"); and ensure that protection is afforded only to materials so designated.

1.  As used in this Protective Order, the following words and phrases shall have the following meanings:

    a.  **"Party"** or **"Parties"** mean any or all parties to this action, any signatories to this Protective Order, their employees, agents and representatives.

    b.  **"Document"** shall be construed in its broadest sense and shall include but not be limited to every original (and every copy of any original or copy which differs in any way from any original) of any written, printed, typed, recorded, photographic, transcribed, or graphic or digital matter however produced or reproduced, including film impressions, magnetic tape, sound or mechanical reproductions, audiotapes,

videotapes and/or any information contained within computer hard drives, storage discs, or any other means of storage or maintenance of electronic media.

c. **"Confidential Material"** means all documents, or portions of documents, as well as any copies, summaries, abstracts, testimony, electronically stored information, or any other items, derived from or containing information which a Party in good faith believes reveals confidential business, medical, financial, professional. personal or personnel information of a sensitive nature that is provided in connection with this matter, whether produced/provided by a Party or by a third party, in any form, which a Party designates as "Confidential" in accordance with this Protective Order.

2. The nature of the disputes in this action are such that confidential and/or proprietary information, including but not limited to documents, electronically stored information and other materials concerning the business or personal affairs of the Parties as well as confidential and personal information, including personnel[1] information related to other employees/former employees who are not parties to this action, is likely to be the subject of discovery.

3. During the pendency of this action, unless otherwise ordered by the Court, the following procedures shall govern the discovery and exchange of documents and information in the above-captioned action:

   a. Documents and other material claimed to be Confidential Material shall, prior to production, be marked by the producing party as "Confidential" or by otherwise notifying counsel of this designation in writing. Copies, extracts, summaries, notes,

---

[1] Release of County employees' personnel files and law enforcement investigations reports will only be disclosed upon request and subject to N.C. Gen. Stat. § 153A-98 and § 132.1-4.

and other derivatives of Confidential Material also shall be deemed Confidential Material and shall be subject to the provisions of this Protective Order.

b. Stamping, printing or writing "Confidential" on the cover or first page of any multi-page document shall designate all pages of the document, unless otherwise specifically indicated by the producing party.

c. Documents and other material produced that are not identified as "Confidential" at the time of production or within the applicable time frames specified in sub paragraphs (d) or (e) herein, may thereafter be identified as such by any Party by written notice served on each Party. In this event, each Party who receives such written notice shall endeavor to retrieve any Confidential Material that may have been disseminated, shall affix the appropriate designation to it, shall notify all persons to whom such Confidential Material was disseminated of the restrictions on the use and dissemination of such information, and shall thereafter distribute it only as allowed by this Protective Order; however no distribution prior to the receipt of such written notice shall be deemed a violation of this Protective Order.

d. In the case of Confidential Material produced or provided by non-parties, whether pursuant to subpoena, voluntarily or otherwise, any designation of material that either Party contends contains Confidential Material may be done within thirty (30) days of receipt of the information by counsel for the Party claiming confidentiality. No dissemination of the Confidential Material to persons not bound by the provisions of this Protective Order shall be made before this thirty (30) days expires. Counsel for the parties may modify this procedure through agreement in writing without further court order.

e. In the case of depositions, designation of the portion of the transcript (including exhibits) that contains Confidential Material shall be made by a statement to such effect on the record during the course of the deposition or may be done within thirty (30) days of receipt of the transcript of the deposition by counsel for the party or non-party claiming confidentiality. No dissemination of the transcript to persons not bound by the provisions of this Protective Order shall be made before thirty (30) days after the party that produced the material disclosed during the deposition receives the transcript from the court reporter or counsel for any party. If the Confidential designation is made during the course of a deposition, the reporter shall write or stamp the word "Confidential" on the cover and each page of the relevant portions of the transcript. If the designation is made following review of the transcript, the party so designating shall write or stamp the word "Confidential" on each page the party wishes to so designate and submit a request for such subsequent designation to the reporter for inclusion in the final transcript. Counsel for the parties may modify this procedure for any particular deposition through agreement in writing or by statement on the record in a deposition prior to or at such deposition, without further court order.

4. The Parties also agree that the responding Party may designate as **"ATTORNEYS' EYES ONLY"** any information or material that is extremely sensitive and/or highly confidential, the disclosure of which would create a substantial risk of injury to the proprietary, business, competitive, security, and/or privacy interests of the Parties and/or nonparties, which injury could not be avoided by less restrictive means.

Page 4

Case 5:20-cv-00004-D   Document 36   Filed 02/25/21   Page 4 of 13

5.  Material in any form designated as Confidential or Attorneys Eyes Only may only be used by the non-designating Party for purposes of this litigation and shall not be used for any other purpose or disclosed to any other person or entity except as specifically provided herein. Except for use by counsel for the Parties hereto in the course of this litigation, no person granted access to Confidential Material and/or Attorneys Eyes Only material shall make any copies, reproductions, transcripts, transmissions or facsimiles of the same or any portion thereof.

6.  Unless otherwise ordered by the Court or permitted in writing by the designating Party:

    a.  material designated as Confidential shall only be revealed to: i) the Parties to this Action; ii) Counsel for the Parties and their staff; iii) the Court and Court staff; iv) any stenographer or videographer used in connection with this litigation; and v) Employees of a Party or Deponents/witnesses designated by a Party, including experts, provided such person has been determined by counsel for the Party providing access to the material to be necessary to review such information for purposes of this litigation, a record is kept by counsel indicating to whom such information has been revealed, and the person to whom such information is revealed signs an Acknowledgement of Consent Protective Order in the form attached hereto, stating that they have read this Consent Protective Order and agree to be bound by its terms. Provided that an executed Acknowledgment will not be specifically required for those persons designated in subsection a. ii.- iv. of this Paragraph.

    b.  material designated **"ATTORNEYS' EYES ONLY"** may only be viewed and inspected by: (i) counsel of record and their staff; (ii) in house counsel for the corporate Parties; (iii) any stenographer or videographer used in connection with this

litigation; and (iv) the Court and its staff. Provided however that in the event that counsel reasonably determines Attorney's Eyes Only designated materials to be necessary for review by a non-attorney for purposes related to this litigation (such as review by technical experts whether internal or external), counsel shall disclose the person to whom such information is being made available to counsel for the producing Party, along with the purpose of such review (unless the deadline for expert disclosures has not then passed, in which case only a general statement of the purpose need be disclosed) and shall require such person to sign an Acknowledgement of Consent Protective Order in the form attached hereto, stating that they have read this Consent Protective Order and agree to be bound by its terms. Counsel shall retain each such signed Acknowledgment of Consent Protective Order and shall produce a copy to opposing counsel.

7. If at any time a Party objects to the designation of a document or information as Confidential or Attorneys Eyes Only, the objecting party shall notify the designating party in writing. The objecting Party shall identify the information or document in question, and shall specify in reasonable detail the reason or reasons for the objection. If the Parties cannot resolve their differences, either Party may apply to the Court for a ruling. The Confidential and/or Attorneys Eyes Only designation shall be maintained until the Court rules otherwise.

8. The Parties agree for purposes of this Protective Order that an inadvertent disclosure of Confidential, Attorneys Eyes Only, privileged or trial-preparation materials (absent a clear indication of the intent to waive such privilege or protection), including but not limited to metadata and other such information, shall not be deemed a waiver or forfeiture of such privilege or protection provided that the party making the production or disclosure promptly

identifies any such documents and/or metadata mistakenly produced after discovery of the inadvertent production. The Parties further agree that, upon request, any such mistakenly-produced documents/metadata shall be returned. In the event of a dispute over use of any privileged materials, the receiving Party must sequester or destroy all copies, and may not use or disseminate the information contained therein until such time as the dispute over the claim of privilege is resolved by the Court.

9. Except for use by counsel for the Parties hereto in the course of this litigation, for Court and deposition copies, and for such use as is expressly permitted under the terms hereof, no person granted access to Confidential Material shall make any copies, reproductions, transcripts, or facsimiles of the same or any portion thereof.

10. Any person receiving information whether designated as Confidential or Attorneys Eyes Only, shall not disclose such information to any person who is not entitled to receive such information under this Protective Order. If Confidential or Attorneys Eyes Only is disclosed to any person not entitled to receive such information under this Protective Order, the person responsible for the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of counsel for the producing party and, without prejudice to other rights and remedies of any party, make a reasonable good faith effort to retrieve such material and to prevent further disclosure of it.

11. Parties who seek to file confidential documents shall follow the requirements of Local Civil Rule 79.2 and Section V.G. of the court's Electronic Case Filing Administrative Policies and Procedures Manual. If the party files a memorandum in support of the motion to seal that includes disclosure of information designated confidential pursuant to this Order, the party shall file the memorandum under seal. Each time a party seeks to file under seal confidential

documents, things, and/or information, said party shall accompany the request with a motion to seal and a supporting memorandum of law specifying (i) the exact document or item, or portions thereof, for which the filing under seal is requested; (ii) how such request to seal overcomes the common law or the First Amendment presumption to access; (iii) the specific qualities of the material at issue which justify sealing such material, taking into account the balance of competing interest in access; (iv) the reasons why alternatives to sealing are inadequate; and (iv) whether there is consent to the motion. Finally, in addition to the motion and supporting memorandum, said party must set out such findings in a proposed order to seal for the court.

12. The Parties reserve the right to seek guidance from the Court regarding the specification of appropriate safeguards concerning evidence at trial or may do so by later agreement at or before trial.

13. After the final termination of this litigation by judgment, appeal, settlement, or otherwise, all information produced in discovery and all excerpts and copies thereof which were marked "Confidential" or "Attorneys' Eyes Only" shall be returned to the producing Party or destroyed by the receiving Party except that counsel of record may retain one copy of such information and may retain their respective work product that contains Confidential Material, provided that Confidential Material shall not be disclosed or used for any purpose except as may be required by subpoena or court order, in which case the attorney required to disclose such information shall promptly provide the designating Party with written notice of the demand for disclosure and shall refrain from disclosing such information for a period of no less than ten (10) days from issuance of such subpoena or court order, or such shorter

Page 8

Case 5:20-cv-00004-D   Document 36   Filed 02/25/21   Page 8 of 13

period as specified in a court order, to enable the designating Party to seek relief from the appropriate court.

14. The ultimate disposition of Confidential Material shall be subject to a final order of the court upon completion of the litigation.

15. Neither the termination of this action nor the termination of the employment, engagement, or agency of any person who had access to any Confidential Material shall relieve any person from the obligation of maintaining both the confidentiality and the restrictions on the use of any Confidential Material disclosed pursuant to this Agreement.

16. The restrictions set forth in this Agreement shall not apply to information that:
    a. is in the public domain at the time of disclosure as evidenced by a written document,
    b. becomes part of the public domain, other than through violation of this Protective Order, or
    c. can be shown by the receiving Party to have been lawfully in its possession at the time of the disclosure as evidenced by a written document.

17. Nothing in this Protective Order or done by the Parties pursuant to this Protective Order shall constitute an admission by any Party, or shall be used as evidence in any subsequent proceeding, that information designated as Confidential Material actually is Confidential Material and nothing herein shall preclude the Parties from raising any available objection, or seeking any available protection, including but not limited to the grounds of the admissibility, materiality, trial preparation materials, and privilege.

18. The Parties agree that no failure or delay in exercising any right, power or privilege granted in this Protective Order shall operate as a waiver of any such right, power or privilege granted in this Protective Order.

Page 9

Case 5:20-cv-00004-D   Document 36   Filed 02/25/21   Page 9 of 13

19. The Parties stipulate and agree that this Protective Order shall be effective once entered, and retroactive to the date it was agreed by counsel.

20. This Protective Order may be modified only by further Order.

**IT IS SO ORDERED** this __25__ day of February, 2021

_____
Robert B. Jones, Jr.
United States Magistrate Judge

Dated: February 25, 2021.

| | |
|---|---|
| GAMMON, HOWARD & ZESZOTARSKI, PLLC | JACKSON LEWIS P.C. |
| BY: /s/ Richard T. Gammon<br>RICHARD T. GAMMON<br>N. C. State Bar No. 9807<br>JOSEPH E. ZESZOTARSKI, JR.<br>N. C. State Bar No. 21310<br>Post Office Box 1127<br>Raleigh, NC 27602<br>Telephone: (919) 521-5878<br>Facsimile: (919) 882-1898<br>Email: rgammon@ghz-law.com<br>Email: jzeszotarski@ghz-law.com<br>*Attorneys for Plaintiff* | BY: /s/ M. Robin Davis<br>M. ROBIN DAVIS<br>N. C. State Bar No. 21655<br>JASON V. FEDERMACK<br>N. C. State Bar No. 46014<br>JANEAN B. DUNN<br>N. C. State Bar No. 50071<br>3737 Glenwood Avenue, Suite 450<br>Raleigh, NC 27612<br>Telephone: (919) 760-6460<br>Facsimile: (919) 760-6461<br>Email: Robin.Davis@jacksonlewis.com<br>Email: Jason.Federmack@jacksonlewis.com<br>Email: Janean.Dunn@jacksonlewis.com<br>*Attorneys for Defendant* |

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

CIVIL ACTION NO.: 5:20-cv-00004-D

RICHARD L. JOHNSON,           )
                              )
           Plaintiff,         )
                              )
vs.                           )    **ACKNOWLEDGMENT OF**
                              )    **CONSENT PROTECTIVE ORDER**
GERALD BAKER, SHERIFF OF      )
WAKE COUNTY,                  )
                              )
           Defendant.         )

I, _____, declare as follows:

I acknowledge receipt of a copy of the Consent Protective Order dated February \_\_, 2021, in <u>Richard Johnson v. Gerald Baker, Sheriff of Wake County</u>, which is pending in the United States District Court for the Eastern District of North Carolina, Western Division, Case No.: 5:20-cv-00004-D, and agree that I:

(1)   understand the terms thereof, and agree to comply with and be bound by its provisions with respect to any information provided to me under the terms of this Consent Protective Order;

(2)   will not reveal any information provided to me under the terms of this Consent Protective Order to anyone other than such persons designated in Paragraph 5 of this Protective Order; and

(3)   will utilize such confidential information solely for the purposes of this litigation.

I further understand that if I fail to comply with the terms of the Consent Protective Order, I may be subject to sanctions by the Court, and I consent to the jurisdiction of the above-referenced Court for such purpose.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

DATED: _____, 2021.

_____
SIGNATURE

_____
PRINTED NAME

4818-9337-2894, v. 1