IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

CIVIL ACTION NO.: 5:20-cv-00004-D

RICHARD L. JOHNSON,        )
                            )
        Plaintiff,         )
                            )
vs.                          )    **LR 56.1 STATEMENT OF UNDISPUTED**
                            )          **MATERIAL FACTS**
GERALD BAKER, SHERIFF OF WAKE   )
COUNTY, in his official capacity,     )
                            )
        Defendant.     )
                            )

NOW COMES Defendant, Gerald Baker ("Baker" or "Defendant"), by and through undersigned counsel, and provides the following statement of undisputed material facts:

1.     Plaintiff began his employment with the Wake County Sheriff's Office ("WCSO") in 1976 as a deputy sheriff. [DE # 16]

2.     Over the years, he was promoted to various supervisory positions. [DE # 16, ¶7]

3.     By the time Plaintiff first retired in 2000, he had obtained the rank of Lieutenant. [Johnson 14:17-19]

4.     Baker began employment as a Deputy Sheriff in May 1990 [Baker 6:21-23]

5.     Plaintiff and Baker worked together, and at one point, Plaintiff was Baker's direct supervisor. [Baker 15:2-4].

6.     It was no secret that Plaintiff and Baker did not like each other, and that this poor relationship had existed for many, many years. According to Baker, Plaintiff "didn't care anything about [Baker, and Baker] didn't care anything about him." [Baker 63:10-14]

7.     This sentiment was echoed by Terry Green who testified "there was not a lot of like nor trust there between the two men….[Baker], in my personal opinion, didn't really care for Plaintiff and Plaintiff didn't care for [Baker]. They just—and—and—that—I don't know where that started or when it started, but for as—as long as I can remember, they never really had that much of a bond between the two. It probably started when they were working CID—" [Green 44:1-11]

8.     When Baker was assigned to investigations in the Person Crimes Unit in the late 1990's, he reported to Plaintiff who was a Lieutenant at the time. [Baker 13:7-18]

9.     As an example of the reasons he did not trust Johnson, Baker recalled an incident when he was working under Johnson's supervision when Johnson instructed Baker to take one course of action, then wrote Baker up for doing what Johnson had instructed him to do. [Baker 11:12-14:2; 15:5-9]

10.     Specifically, Baker testified that while working a homicide case, Plaintiff instructed Baker to hold on to a warrant instead of returning it to the Communications Center where it belonged. [Baker 11:12-14:2]

11.     Baker complied with Plaintiff's order. [Id.]

12.     Later, Plaintiff wrote Baker up for not returning the warrant to the Communication Center even though Plaintiff himself had instructed Baker to hold on to the warrant. [Id.]

13.     This write-up was the only write-up Baker received during his employment with the WCSO. [Id.]

14.     Baker disagreed with the write-up. [Baker 15:5-9]

15.     Plaintiff testified he did not have any recollection related to these events. [Johnson 58:8-12]

2

16.     By his own admission, Plaintiff was not a supporter of Baker in the 2018 election and was loyal to the former Sheriff, Harrison.  [Johnson 16:11-13; 52:15-20; 62:15-20]

17.     When Plaintiff was questioned about whether Baker was qualified to be Sheriff, Plaintiff testified he did not know him that well and admitted he would support Harrison again if Harrison ran for Sheriff.  [Johnson 61:1-4; 62:16-20]

18.     After Plaintiff retired in 2000, Harrison ran for Wake County Sheriff in 2002 and won the election.  [Harrison 38:24-39:6]

19.     Following his win, Harrison asked Plaintiff to return to work at the WCSO.  [Johnson 16:11-15]

20.     In 2003, Plaintiff returned as a Lieutenant and was subsequently promoted to Captain in May 2005, to Major in April 2006, and then Chief of Operations in January 2007 all under Harrison's administration.  [DE # 16, at ¶ 8]

21.     Harrison maintained a personal staff of 14 deputies, with two "Chief" Deputies – Plaintiff and Larry Wood ("Wood").

22.     Plaintiff served as Chief of Operations, Wood served as Chief of Staff.  [DE # 16 at ¶¶ 8-9, 37]

23.     As Chief of Operations, Plaintiff reported directly to Harrison and was responsible for the day to day operations of the divisions within his chain of command, such as Criminal Investigative Division, patrol, special ops, sex offenders, the intelligence unit, property crimes, investigations and person crimes. [Id. at ¶9; Johnson 54:18-22; and 193:10-19]

24.     While working with Harrison's administration, Plaintiff did not directly supervise Baker. [Baker 60:22-24]

25.     Baker retired on June 30, 2017 at the rank of Sergeant.  [Baker 9:9-14]

26.     At the time of Baker's retirement, Teddy Patrick was Baker's supervisor.  [Baker 55:22-56:5]



29.     Plaintiff was duty bound to bring forward any complaints of alleged discrimination, harassment, or retaliation.  [Johnson 109:9-11]

4



36.     Plaintiff did not conduct the investigation and did not make any decision as to any discipline to be imposed upon Patrick.  [Johnson 153:3-8]



52. In 2018, Baker decided to leave retirement and run for Wake County Sheriff. [Baker 23:23-24:2]

53. Following a contentious race, Baker was able to unseat Harrison and won election to Sheriff. [Baker 61:25-62:7; Harrison 116:14-16]

54. To prepare for transition to office, Baker selected a small group of current and former Sheriff Department employees as advisors. [Baker 76:10-18]

55. This transition team was comprised primarily of: Patrick, Deidre Jackson ("Jackson"), Jared Ollison ("Ollison"), Karen Wallace ("Wallace"), and Robert Mitchener ("Mitchener"). [Baker 76:19-22; Wallace 36:18-23]



REDACTED

63. Baker alone decided to not re-swear Plaintiff. [Baker 78:13-79:12]

64. Green informed Plaintiff he would not be re-sworn under Baker's Administration. [Green 60:2-6] Baker did not tell Green the reason for his decision. [Green 59:5-12]

65. Further, Baker never told Green the decision had anything to do with Patrick's demotion. [Green 61:3-6]

66. Baker's rationale for not re-swearing Plaintiff was simple: Plaintiff neither cared for Baker nor had any respect for Baker, and Baker had similar feelings toward Plaintiff. [Baker 63:10-14]

67. In addition, Baker did not believe Plaintiff would be aligned with the vision Baker had for the office based on Baker's own personal observations of Plaintiff's conduct over the course of Baker's 27-year career with WCSO. [Baker 64:16-21]

68. Through his own observations, Baker concluded Plaintiff had a willingness to undermine direct supervision and treat those he supervised with disdain, while simultaneously giving others preferential treatment. [Ex. 8]

69. Baker observed that Plaintiff failed to consistently utilize his power and authority to engage equitably, honestly, or fairly in many cases. [Id.]

70. Baker further observed that Plaintiff was not ethical or honest in all of his dealings with coworkers and subordinates, including Baker. [Id.]

71. Plaintiff retired from the WCSO on or around December 3, 2018 . [Baker 66:18-22; Johnson 15:15-25]

72.     Harrison and his Executive Assistant also retired effective December 3, 2018.



**REDACTED**

82.     Following an investigation, the EEOC issued a Dismissal and Notice of Rights on October 10, 2019, with a no cause finding.  [Ex. 2].

83.     Plaintiff filed this action on January 7, 2020.  [DE # 2]

Respectfully submitted this the 15th day of June, 2021.

                                        */s/  M. Robin Davis*
                                        M. ROBIN DAVIS
                                        N. C. State Bar No. 21655
                                        JASON V. FEDERMACK
                                        N. C. State Bar No. 46014
                                        Jackson Lewis P.C.
                                        *Attorneys for Defendant*
                                        3737 Glenwood Avenue, Suite 450
                                        Raleigh, NC 27612
                                        Telephone:  (919) 760-6460
                                        Facsimile:   (919) 760-6461
                                        Email: Robin.Davis@jacksonlewis.com
                                        Email: Jason.Federmack@jacksonlewis.com

10

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION


CIVIL ACTION NO.: 5:20-cv-00004-D

| | | |
|---|---|---|
| RICHARD L. JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | **CERTIFICATE OF SERVICE** |
| | ) | |
| GERALD BAKER, SHERIFF OF WAKE COUNTY, in his official capacity, | ) | |
| | ) | |
| Defendant. | ) | |

The undersigned certifies that on June 15, 2021, the foregoing *Defendant's LR 56.1 Statement of Undisputed Facts* was electronically filed with the Clerk of the Court, using the Court's CM/ECF electronic service system, which will send notification of such filing as follows:

Richard T. Gammon
Joseph E. Zeszotarski, Jr.
Gammon, Howard & Zeszotarski, PLLC
Post Office Box 1127
Raleigh, NC 27602
rgammon@ghz-law.com
jzeszotarski@ghz-law.com
*Attorneys for Plaintiff*


/s/ M. Robin Davis
M. ROBIN DAVIS
N. C. State Bar No. 21655
JASON V. FEDERMACK
N. C. State Bar No. 46014
Jackson Lewis P.C.
*Attorneys for Defendant*
3737 Glenwood Avenue, Suite 450
Raleigh, NC 27612
Telephone: (919) 760-6460
Facsimile: (919) 760-6461
Email: Robin.Davis@jacksonlewis.com
Email: Jason.Federmack@jacksonlewis.com

4850-2000-8943, v. 1

11