IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:20-CV-4-D

| | |
|---|---|
| RICHARD L. JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| GERALD BAKER, SHERIFF OF WAKE ) | |
| COUNTY, *in his official capacity*, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on Plaintiff's motion to seal, [DE-63], and Defendant's motions to seal, [DE-56, -65, -76], all of which seek to seal documents related to Defendant's motion for summary judgment. The motions are referred to the undersigned for disposition. [DE-80]. For following reasons Plaintiff's motion is denied as moot and Defendant's motions are allowed.

### I. Background

Plaintiff brought this action alleging retaliation under Title VII against his former employer. The parties entered into a consent protective order to govern the production of certain information, including personal or personnel information of a sensitive nature. [DE-36]. Defendant has moved for summary judgment, and the briefing and exhibits filed by both parties related to the motion includes information designated as "confidential" under the protective order, which the parties now seek to have sealed. The motions to seal were filed more than a month ago, and no objection has been filed.

## II.  Discussion

"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978) (internal footnote omitted). The Fourth Circuit has directed that before sealing publicly-filed documents, the court must first determine if the source of the public's right to access the documents is derived from the common law or from the First Amendment. *Stone v. Univ. of Md.*, 855 F.2d 178, 180 (4th Cir. 1988). "[T]he common law presumption in favor of access attaches to all 'judicial records and documents,' [while] the First Amendment guarantee of access has been extended only to particular judicial records and documents[,]" such as those filed in connection with a motion for summary judgment. *Id.* (quoting *Nixon*, 435 U.S. at 597 & citing *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988); *In re Washington Post Co.*, 807 F.2d 383, 390 (4th Cir. 1986)). "[D]ocuments filed with the court are 'judicial records' if they play a role in the adjudicative process, or adjudicate substantive rights." *In re Application of the U.S. for an Order Pursuant to 18 U.S.C. Section 2703(D)* ("*In re Application*"), 707 F.3d 283, 290 (4th Cir. 2013) (citations omitted); *see also United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995) ("[T]he item filed must be relevant to the performance of the judicial function and useful in the judicial process in order for it to be designated a judicial document.").

Here, Defendant moves to seal summary judgment briefing and exhibits filed by both parties. [DE-46 through -55, -60 through -62, -73, -75]. These documents related to summary judgment are judicial records subject to the right to access because "summary judgment adjudicates substantive rights." *Rushford*, 846 F.2d at 252. Because the documents sought to be sealed are judicial records, there is at minimum a common law presumption to access. *In re Application*, 707 F.3d at 291.

Courts apply the "experience and logic" test to determine whether there is also a First Amendment right to access, which provides more substantive protection to the public's interest in access than does the common law. *Id.*; *Rushford*, 846 F.2d at 253. Under this test, the court considers "(1) 'whether the place and process have historically been open to the press and general public,' and (2) 'whether public access plays a significant positive role in the functioning of the particular process in question.'" *In re Application*, 707 F.3d at 291 (quoting *Baltimore Sun Co. v. Goetz*, 886 F.2d 60, 64 (4th Cir. 1989)). The Fourth Circuit has determined that the more rigorous First Amendment standard should apply to documents filed in connection with a summary judgment motion in a civil case "[b]ecause summary judgment adjudicates substantive rights and serves as a substitute for a trial," which is generally open to the public. *Rushford*, 846 F.2d at 252–53.

"The mere existence of a First Amendment right to access or a common law right of access to a particular kind of document does not entitle[] the press and the public to access in every case." *Id.* at 253 (citation omitted). Where only the common law right of access exists, the presumption to access can be rebutted "if countervailing interests heavily outweigh the public interests in access," and the court considers "the interests advanced by the parties in light of the public interests and the duty of the courts." *Id.* (quoting *Nixon*, 435 U.S. at 602). "To overcome the First Amendment standard, sealing must be 'essential' to preserve important, higher interests," *BASF Plant Sci., LP v. Commonwealth Sci. & Indus. Research Organisation*, No. 2:17-CV-503, 2019 WL 8108115, at *2 (E.D. Va. Aug. 15, 2019) (citation omitted), and "narrowly tailored to serve that interest," *Rushford*, 846 F.2d at 253. The party seeking to deny access bears the burden. *Id.*

To determine whether records should be sealed, the court must follow the procedure established in *In re Knight Publishing Company*. The court must first provide "public notice of

3

Case 5:20-cv-00004-D   Document 81   Filed 10/01/21   Page 3 of 6

the request to seal and allow the interested parties a reasonable opportunity to object." 743 F.2d at 235–36. Notice is sufficient where a motion is docketed reasonably in advance of its disposition. *Id.* at 235. Second, the court considers less drastic alternatives, such as redaction of any sensitive material. *Id.* at 235–36. Then, if the court determines that public access should be denied, the court must provide specific reasons and factual findings supporting the decision to seal. *Id.*

As an initial matter, Plaintiff's motion to seal is denied as moot where the information sought to be sealed was designated as confidential by Defendant, who subsequently filed a proper motion to seal that information. *See* Electronic Case Filing Administrative Policies and Procedures Manual, Section V.G.1(e).

Turning to the merits of Defendant's motions, the motions to seal were docketed sufficiently in advance of the court's decision; thus, the public has been provided with notice and an opportunity to object to the motions, and no objection to sealing has been lodged.

Next, the court considers whether there are less drastic alternatives to sealing, such as redaction. The court reviewed each proposed sealed document and finds that they contain sensitive and confidential information about Defendant's current and former employees, many being nonparties to this action. However, redaction of the sensitive material is an appropriate alternative in some instances. Defendant, in fact, filed publicly available, redacted versions of his memorandum in support of summary judgment, [DE-43], statement of material facts, [DE-44], and reply, [DE-69]. The court also finds redaction of the sensitive material to be appropriate for Plaintiff's opposition to Defendant's summary judgment motion, [DE-60], Plaintiff's opposition to Defendant's statement of material facts, [DE-61], and the appendix to Plaintiff's statement of material facts, [DE-62]. Given that these are Plaintiff's filings but the sensitive information was designated so by Defendant, counsel for the parties shall confer regarding the necessary redactions

and file publicly available, redacted versions of these documents by no later than **October 15, 2021**. The court finds redaction is not feasible for the Affidavit of Dykeisha Hargrove and exhibits thereto, [DE-53 through -53-7], the various deposition transcripts, [DE-46 through -52], the exhibits to Defendant's reply, [DE-75-1 through -71-7], and the exhibits to Plaintiff's appendix to his statement of material facts, [DE-62-1 through -62-21].

Finally, the court finds that Defendant has overcome the First Amendment right to access in the sealed material and has appropriately limited through redaction access only to the sensitive information contained in each document, with the exception of the documents at Docket Entries 60, 61, and 62 discussed above for which the parties will be filing publicly available redacted documents. All the proposed sealed documents contain sensitive personal and personnel information, much of which relates to nonparties. Such information is appropriately sealed. *See Sempowich v. Tactile Sys. Tech., Inc.*, No. 5:18-CV-488-D, 2020 WL 2789792, at *3 (E.D.N.C. May 29, 2020) (sealing documents filed in relation to a summary judgment motions containing sensitive and confidential information about a party's current and former employees, including many nonparties). For the same reason, the court also finds it appropriate to seal Defendant's memorandum in support of the motion to seal Defendant's reply. [DE-73]. Accordingly, the following documents shall be permanently sealed: Defendant's memorandum in support of summary judgment, [DE-54], Defendant's statement of material facts, [DE-55], the various deposition transcripts, [DE-46 through -52], the Affidavit of Dykeisha Hargrove and exhibits thereto, [DE-53 through -53-7], the exhibits to Plaintiff's appendix to his statement of material facts, [DE-62-1 through -62-21], Defendant's memorandum in support of the motion to seal Defendant's reply, [DE-73], Defendant's reply, [DE-75], and the exhibits to Defendant's reply, [DE-75-1 through -71-7]; and the following documents shall remain provisionally sealed pending

5

Plaintiff's filing of redacted versions and the court's review thereof: Plaintiff's opposition to Defendant's summary judgment motion, [DE-60], Plaintiff's opposition to Defendant's statement of material facts, [DE-61], and the appendix to Plaintiff's statement of material facts, [DE-62].

### III. Conclusion

For the foregoing reasons, Plaintiff's motion to seal, [DE-63], is denied as moot, and Defendant's motions to seal, [DE-56, -65, -76], are allowed.

SO ORDERED, the 1st day of October 2021.

Robert B. Jones, Jr.
United States Magistrate Judge